IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALTICE USA, INC. and<br>CSC HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| DIGIMEDIA TECH, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Altice USA, Inc. and CSC Holdings, LLC (together, "Altice" or "Plaintiffs") file this Complaint and Jury Demand against Defendant DigiMedia Tech, LLC ("Defendant") upon personal knowledge of their own actions, and information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 6,684,220 ("the '220 patent"), 8,160,980 ("the '980 patent"), 6,744,818 ("the '818 patent"), 6,807,568 ("the '568 patent"), RE42,148 ("the '148 patent"), 7,743,399 ("the '399 patent"), 9,055,328 ("the '328 patent"), 8,087,049 ("the '049 patent"), 6,606,287 ("the '287 patent"), and 7,065,778 ("the '778 patent") (collectively, the "Asserted Patents") under Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

2.     Altice seeks relief because Defendant has made it clear through correspondence to Altice that it intends to sue Altice for alleged infringement of the Asserted Patents.

## THE PARTIES

3.      CSC Holdings, LLC is an LLC organized and existing under the laws of the State of Delaware with its principal place of business at One Court Square, Long Island City, New York 11101.

4.      CSC Holdings, LLC is a wholly-owned subsidiary of Altice USA, Inc.

5.      Altice USA, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Court Square, Long Island City, New York 11101.

6.      Altice USA, Inc. is a communications and media holding company that, through its direct and indirect affiliates (including CSC Holdings, LLC), delivers broadband, video, mobile, and other services to its direct and indirect affiliates' customers.  These services include services branded under the Suddenlink and Optimum names and provided by subsidiaries of CSC Holdings, LLC (which, in turn, is a subsidiary of Altice USA, Inc.).

7.      On information and belief, Defendant is a limited liability company under the laws of the State of Georgia with its principal place of business at 44 Milton Ave., Suite 254, Alpharetta, Georgia 30009.

8.      On information and belief, Defendant is subsidiary of Brainbox Innovations, LLC ("Brainbox"), a limited liability company under the laws of the State of Georgia with its principal place of business at 44 Milton Ave., Suite 254, Alpharetta, Georgia 30009.

9.      On information and belief, Brainbox has at least four additional subsidiaries that assert patent portfolios: CDN Innovations, LLC, DataCloud Technologies, LLC, CommWorks Solutions, LLC, and Hanger Solutions, LLC.

**FACTUAL BACKGROUND**

The Parties' Correspondence

10.     On April 21, 2021, Defendant's counsel sent Altice USA, Inc.'s outside counsel a letter stating that Defendant has 60 active issued patent assets.  (*See* Exhibit A.)

11.     The letter states that "[a] number of these assets appear to be particularly relevant to and infringed by Altice."  The letter specifically identifies that: (1) Altice's Suddenlink system to implement automated chat sessions for customer support infringes claim 1 of the '220 patent; (2) Optimum's system for programming recommendations infringes claim 1 of the '980 patent; (3) compressing video with H.264 for Altice One streaming services infringes claim 1 of the '818 patent; and (4) Optimum's system for adding apps such as Netflix infringes claim 1 of  the '568 patent.

12.     The letter also states "the following patents also appear to be relevant."  The letter lists: (1) compressing video with H.264 for Altice One streaming services is relevant to claims 1, 4, 5, 10, 16, and 21 of the '148 patent; (2) the Altice One App for selecting and viewing previews and TV shows is relevant to claims 1, 19, and 28 of the '399 patent; (3) the Altice One App for selecting and viewing previews and TV shows is relevant to claims 1, 14, and 15 of the '328 patent; (4) the Altice One App for selecting and viewing previews and TV shows is relevant to claims 1, 17, and 18 of the '049 patent; (5) compressing video with H.264 for Altice One streaming services is relevant to claims 1, 2, 4, 5, 7, 8, and 9 of the '287 patent; and (6) Optimum Multi-Room DVR and Cloud DVR service is relevant to claims 1, 16, and 21 of the '778 patent.

13.     In all, through its correspondence, Defendant has alleged that Altice infringes or may infringe the following claims (individually, an "Asserted Claim," and collectively, "the Asserted Claims"):

- Claim 1 of the '220 patent;
- Claim 1 of the '980 patent;
- Claim 1 of the '818 patent;
- Claim 1 of the '568 patent;
- Claims 1, 4, 5, 10, 16, and 21 of the '148 patent;
- Claims 1, 19, and 28 of the '399 patent;
- Claims 1, 14, and 15 of the '328 patent;
- Claims 1, 17, and 18 of the '049 patent;
- Claims 1, 2, 4, 5, 7, 8, and 9 of the '287 patent; and
- Claims 1, 16, and 21 of the '778 patent.

14.     Defendant has asserted patents in its list of 60 active patent assets at least nine times.  *See* Case Nos. 1-21-cv-01831 (SDNY), 1-21-cv-00227 (DDE), 1-20-cv-04995 (NDGA), 1-20-cv-07573 (SDNY), 2-20-cv-05595 (CDCA), 2-20-cv-02640 (EDNY), 2-20-cv-07226 (DNJ), 5-20-cv-02549 (EDPA), and 7-20-cv-04140 (SDNY).

The Asserted Patents

15.     The '220 patent issued on January 27, 2004 and is entitled "Method and System for Automatic Information Exchange."  The '220 patent is attached as Exhibit B to the Complaint. Claim 1 of the '220 patent is reproduced below.

> **1.** A system for automatic information exchange, comprising:
>
> a processor;
>
> an information source coupled to the processor and operable to store a model, the model comprising a plurality of objects, each of the plurality of objects comprising an input variable and an output variable; and
>
> a loading engine residing in a memory and executable by the processor, the loading engine operable to automatically create object links between corresponding input variables and output variables of each of the plurality of objects.

16.     The '980 patent issued on April 17, 2012 and is entitled "Information System Based on Time, Space and Relevance."  The '980 patent is attached as Exhibit C to this Complaint.  Claim 1 of the '980 patent is reproduced below.

1.  An information system based on time, space and relevance, said system comprising:

a client that displays information in a user-friendly manner;

a proxy that handles the collection and parsing of data;

a server that gathers usage data from the client;

a data mining cluster that allows for user profiling and time, space and relevance analysis;

a set of information channels, which are periodically updated, and upon which automatic suggestions are given based on a user profile.

17.     The '818 patent issued on June 1, 2004 and is entitled "Method and Apparatus for Visual Perception Encoding."  The '818 patent is attached as Exhibit D to this Complaint.  Claim 1 of the '818 patent is reproduced below.

1.  A video encoding system comprising:

a visual perception estimator adapted to estimate a perception threshold for a pixel of a current frame of a videostream;

an encoder adapted to encode said current frame;

a compression dependent threshold estimator adapted to estimate a compression dependent threshold for said pixel at least from said perception threshold and information from said encoder; and

a filter unit adapted to filter said pixel at least according to said compression dependent threshold.

18.     The '568 patent issued on October 19, 2004 and is entitled "Recipient Selection of Information to be Subsequently Delivered."  The '568 patent is attached as Exhibit E to this Complaint.  Claim 1 of the '568 patent is reproduced below.

1.  A method of delivering information to a requesting user, said method comprising the steps of:

making a request available to information providers by a user that said user desires certain information content;

accessing said request by any information provider other than said user and wherein said accessing is under control of said accessing information provider independent from said user;

determining by said information provider whether said information provider has control of information content that said user desires; and

under at least partial control of said determining step delivering said information content which is under the control of said information provider and which information content is desired by said user.

19.    The '148 patent issued on February 15, 2011 and is entitled "Method and Apparatus for Visual Lossless Image Syntactic Encoding."  The '148 patent is attached as Exhibit F to this Complaint.  Claim 1 of the '148 patent is reproduced below.

1.   A visual perception threshold unit for image processing, the threshold unit comprising:

a parameter generator to generate a multiplicity of parameters that describe at least some information content of at least one video frame to be processed; and

a threshold generator to generate from said parameters, a plurality of visual perception threshold levels to be associated with pixels of the at least one video frame,

wherein said threshold levels define contrast levels above which a human eye can distinguish a pixel from among its neighboring pixels of said at least one video frame.

20.    The '399 patent issued on June 22, 2010 and is entitled "Network-Based Service to Provide On-Demand Video Summaries of Television Programs."  The '399 patent is attached as Exhibit G to this Complaint.  Claim 1 of the '399 patent is reproduced below.

1.    A computer-implemented method of providing summaries of programming to a recipient, the method comprising, at a network node:

dividing a received program into program segments;

summarizing and storing each program segment into a corresponding summary segment, wherein each summary segment includes audio, full-motion video, and at least one still picture;

generating metadata files for delimiting a beginning and an end of summary segments and program segments; and

upon a request from a user from a client device, supplying the summary segments in lieu of program segments, the summary segments being streamed in a first channel to the client device and the program segments being streamed in a second channel to the client device.

21.     The '328 patent issued on June 9, 2015 and is entitled "Network-Based Service to Provide On-Demand Video Summaries of Television Programs."  The '328 patent is attached as Exhibit H to this Complaint.  Claim 1 of the '328 patent is reproduced below.

**1.**   A method, comprising:

transmitting to a client device, by a computer-based device, information that facilitates a display of a link,

wherein the link is selectable by a user to navigate between a summary segment of a first program and the first program,

wherein the summary segment includes a summary of a particular portion of the first program, and

wherein the summary segment comprises at least one of the following: a video, an audio, or an image;

in response to detecting a selection of the link by the user, the computer-based device transmitting to the client device at least a portion of the first program;

subsequent to transmitting at least the portion of the first program to the client device, the computer-based device selecting, based on a user profile that includes the first program, a second program; and

the computer-based device causing a display of at least a portion of the second program on the client device.

22.     The '049 patent issued on December 27, 2011 and is entitled "Network-Based Service to Provide On-Demand Video Summaries of Television Programs."  The '049 patent is attached as Exhibit I to this Complaint.  Claim 1 of the '049 patent is reproduced below.

**1.**   A method of generating programming summaries, the method comprising:

summarizing each program segment of a plurality of program segments of a program to yield a corresponding summary segment and storing the corresponding summary segment,

wherein the corresponding summary segment comprises audio, video, and at least one image;

generating indexing information for facilitating links between each of the plurality of program segments and the corresponding summary segment; and

in response to a user request for a requested program segment comprising a subset of the program and based on the indexing information, streaming a requested summary segment for the requested program segment in a first channel to a client device of the user and streaming the requested program segment in a second channel to the client device.

23.    The '287 patent issued on August 12, 2003 and is entitled "Method and Apparatus for Compression Rate Selection."  The '287 patent is attached as Exhibit J to this Complaint. Claim 1 of the '287 patent is reproduced below.

1.  A method for recording a media signal comprising:

generating one or more data items wherein said data items are associated with said media signal;

determining a maximum compression rate from said data items wherein recording said media signal compressed at said maximum compression rate does not result in an unacceptable loss of quality of said media signal;

compressing said media signal at said maximum rate into a compressed media signal; and

storing said compressed media signal, wherein said step of determining is performed at a client in a client/server architecture.

24.    The '778 patent issued on June 20, 2006 and is entitled "Method and System for Providing Media From Remote Locations to a Viewer."  The '778 patent is attached as Exhibit K to this Complaint.  Claim 1 of the '778 patent is reproduced below.

1.  A method comprising:

a server computer receiving a request from a first personalized video recorder for a television show;

said server computer locating a second personalized video recorder capable of receiving a broadcast of said television show that satisfies said request;

said second personalized video recorder receiving a programming instruction from said server computer to record said television show when broadcast by a television content provider, after said server computer locating said second personalized video recorder;

said second personalized video recorder recording said television show during broadcast of said television show by said television content provider, after said second personalized video recorder receiving said programming instruction; and

said first personalized video recorder receiving said television show recorded by said second personalized video recorder.

## JURISDICTION AND VENUE

25.     The foregoing paragraphs are incorporated as if set forth herein.

26.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 2201 based on a definite and concrete, real and substantial, justiciable controversy between Altice, on the one hand, and Defendant, on the other hand, for declaratory judgment of patent non-infringement and invalidity under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

27.     The Court has specific personal jurisdiction over Defendant pursuant to Delaware's Long Arm Statute, 10 Del. C. § 3104 and the Due Process Clause of the Fourteenth Amendment by virtue of the Defendant's contacts with Delaware.

28.     Defendant has purposefully directed its enforcement activity at Delaware by virtue of its demand letter campaign targeting Delaware corporations, including Altice.

29.     Defendant has transacted business in the State of Delaware through its litigation campaign in the District of Delaware, which constitutes legal presence in the State under 10 Del. C. §§ 3104(b) and (c)(1).

30.     In the Delaware action No. 1:21-cv-00227 (DDE), Defendant asserted the '220, '818, and '287 patents, each of which are Asserted Patents.

31.     Defendant continues litigate Case No. 1:21-cv-00227 (DDE) as of the date of this Complaint.

32.     On information and belief, Defendant's businesses model is to generate revenue through licensing and asserting a portfolio of intellectual property.  Defendant's litigation efforts, in the District of Delaware and elsewhere, are a core component of its business, and Defendant's enforcement of the Asserted Patents in Delaware falls within the categories of activities identified in 10 Del. C. §§ 3104(c), and is at least a transaction of business under § 3104 (c)(1).

33.     This Complaint for Declaratory Judgement arises out of the Defendant's activities in the State of Delaware enforcing patents including the Asserted Patents.

34.     Defendant has consented to personal jurisdiction in the District of Delaware because of its previously filed and ongoing lawsuit in the district.  The lawsuit identified above in paragraph 28 bears a logical relationship to this Complaint because  it alleged infringement of patents included in the Asserted Patents, and is part of the same concerted licensing and enforcement effort with which Defendant has targeted Altice, for example with its April 21, 2021 letter to Altice's outside counsel identifying the Asserted Patents.  (Ex. A.)

35.     The District of Delaware's personal jurisdiction over Defendant comports with the Due Process Clause of the Fourteenth Amendment by virtue of the Defendant's contacts with Delaware, including the enforcement activities in Delaware identified above in paragraphs 30-31.

36.     Defendant has also purposefully directed its enforcement activity at Delaware by virtue of its demand letter campaign targeting Delaware corporations, including Altice.

37.     Defendant has also purposefully directed its enforcement activity at Delaware by asserting its patent portfolio, including the Asserted Patents, against Delaware corporations and entities in proceedings outside of the District of Delaware.

38.     Defendant purposefully availed itself of the protections of the State of Delaware upon assignment of the Asserted Patents.  On information and belief, the assignors of any interest Defendant has in the Asserted Patents are Delaware LLCs, Intellectual Ventures Assets 142 LLC and Intellectual Ventures Assets 145 LLC (together, "Intellectual Ventures"), each of which recorded an address at 251 Little Falls Drive, Wilmington, DE 19808.  Intellectual Ventures conveyed Defendant's patent portfolio, including the Asserted Patents, over four separate conveyances, which are attached to this Complaint as Exhibits L-O, on November 15, 2019.

39.     On information and belief, Intellectual Ventures maintains a security interest in the patents it assigned to Defendant, including the Asserted Patents, which has been recorded in Georgia.  The associated UCC financing statements, which were filed on December 5, 2019, are attached to this Complaint as Exhibits P and Q, and reference agreements between Intellectual Ventures and Defendant governing the secured sale of the patent portfolio.

40.     By virtue of the secured assignment of rights in the Asserted Patents from the two Intellectual Ventures LLCs, Defendant has further purposefully directed its enforcement activity at Delaware by creating an ongoing relationship of obligation to Delaware entities that subjects it to this Court's personal jurisdiction.

41.     Defendant's campaign of patent licensing and assertion is part of a broader, coordinated patent assertion campaign driven by Brainbox and executed through Defendant and

its sister LLCs, including the other Brainbox subsidiaries CDN Innovations LLC, CommWorks Solutions, LLC, and DataCloud Technologies, LLC.  Each of these entities obtained assignments of patent portfolios from one or more Delaware LLCs, each of which is a differently numbered "Intellectual Ventures Assets" LLC.

42.     CommWorks Solutions, LLC obtained its patent portfolio through conveyances from Intellectual Ventures Assets 148, LLC and Intellectual Ventures Assets 151, LLC, both Delaware LLCs.  These assignments were also executed on November 15, 2019, the same day as Defendant's assignments referenced above.  UCC financing statements for these assignments were filed on December 5, 2019, the same day as Defendant's financing statements referenced above.

43.     CDN Innovations, LLC obtained its patent portfolio through conveyances from Intellectual Ventures Assets 130, LLC and Intellectual Ventures Assets 135, LLC, both Delaware LLCs.  These assignments were also executed on November 15, 2019, the same day as Defendant's assignments referenced above.  UCC financing statements for these assignments were filed on December 5, 2019, the same day as Defendant's financing statements referenced above.

44.     DataCloud Technologies, LLC obtained its patent portfolio through conveyances from Intellectual Ventures Assets 148, LLC and Intellectual Ventures Assets 151, LLC, both Delaware LLCs.  These assignments were also executed on November 15, 2019, the same day as Defendant's assignments referenced above.  UCC financing statements for these assignments were filed on December 5, 2019, the same day as Defendant's financing statements referenced above.

45.     As part of the coordinated Brainbox patent assertion campaign, Defendant's sister entity DataCloud Technologies, LLC has claims against accused infringers in the District of Delaware.  *See* Case Nos. 1:21-cv-01020 (DDE), 1:21-cv-00837 (DDE), 1:21-cv-00170 (DDE),

1:21-cv-00164 (DDE), 1:21-cv-00155 (DDE), 1:21-cv-01313 (DDE), 1:21-cv-01314 (DDE), 1:21-cv-00763 (DDE), and 1:21-cv-00764 (DDE).

46.     As part of the coordinated Brainbox patent assertion campaign, Defendant's sister entity DataCloud Technologies, LLC continues litigate Cases No. 1:21-cv-01020 and 1:21-cv-00164 as of the date of this Complaint.

47.     As part of the coordinated Brainbox patent assertion campaign, Brainbox and its subsidiaries, including Defendant, have further directed their enforcement activity at Delaware by virtue of Defendant's sister entity CDN Innovations, LLC's repeated representation by attorneys in the Delaware office of the Devlin Law Firm to handle its licensing and patent assertion campaign, including sending a demand letter to Altice from the Devlin Law Firm's Delaware address.  Attorneys from The Devlin Law Firm have represented CDN Innovations, LLC in at least twelve patent infringement cases, listing a Delaware address on CDN Innovation, LLC's court submissions.  *See* case nos. 6-20-cv-00442 (WDTX), 6-20-cv-00443 (WDTX), 6-20-cv-00444 (WDTX), 6-20-cv-00445 (WDTX), 6-20-cv-00446 (WDTX), 6-20-cv-00447 (WDTX), 6-20-cv-00448 (WDTX), 4-20-cv-00653 (EDTX), 4-20-cv-00709 (EDTX), 6-20-cv-00959 (WDTX), 4-21-cv-00381 (EDTX), and 1-21-cv-02240 (NDGA).

48.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c).  Because Defendant is subject to the personal jurisdiction of the District of Delaware for this action, Defendant is deemed to reside in the District of Delaware under 28 U.S.C. §§ 1391(c)(2), and venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1).

## COUNT 1
### (Declaratory Judgment of Non-infringement of the '220 patent)

49.     The foregoing paragraphs are incorporated as if set forth herein.

50.     By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether Altice infringes claim 1 of the '220 patent.  A valid and justiciable controversy has arisen and exists between Altice and Defendant within the meaning of 28 U.S.C. § 2201.

51.     Specifically, Defendant has asserted that Altice's Suddenlink system to implement automated chat sessions for customer support infringes claim 1 of the '220 patent.

52.     Altice does not infringe claim 1 of the '220 patent.

53.     Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitation of claim 1 of the '220 patent: "the loading engine operable to automatically create object links between corresponding input variables and output variables of each of the plurality of objects."  Altice provides answers to questions to its third-party vendors, who then manually programs the software for the question-answer pair.  This process is not automated.

### COUNT 2
### (Declaratory Judgment of Invalidity of the '220 Patent)

54.     The foregoing paragraphs are incorporated as if set forth herein.

55.     By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether claim 1 of the '220 patent is valid.

56.     Claim 1 of the '220 patent is invalid and void because it fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

14

57.     Claim 1 of the '220 patent is invalid under 35 U.S.C. § 101 because it is directed to, in general terms, the patent-ineligible abstract idea of creating object links between input variables and output variables.   Additionally, this claim contains no inventive concept.   For example, it does not improve computer technology.  Instead, claim 1 is directed to software running on a generic computer.

58.     Claim 1 of the '220 patent is further invalid under 35 U.S.C. §§ 102 and/or 103.  As a non-limiting example, this claim is anticipated or rendered obvious in view of U.S. Patent No. 5,546,562.  This patent has a priority date of February 28, 1995, which is more than one year before the September 20, 2000 priority date of the '220 patent.

59.     Claim 1 of the '220 patent is further invalid under 35 U.S.C. § 112.  As a non-limiting example, one skilled in the art would not understand the scope of this claim, with reasonable certainty, as the limitations "an information source," "objects," "a loading engine," and "object links" are indefinite.

60.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claim 1 of the '220 patent is invalid and void is necessary and appropriate under the circumstances.

## COUNT 3
### (Declaratory Judgment of Non-infringement of the '980 patent)

61.     The foregoing paragraphs are incorporated as if set forth herein.

62.     By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether Altice infringes claim 1 of the '980 patent.  A valid and justiciable controversy has arisen and exists between Altice and Defendant within the meaning of 28 U.S.C. § 2201.

15

63. Specifically, Defendant has asserted that Optimum's system for programming recommendations infringes claim 1 of the '980 patent.

64. Altice does not infringe claim 1 of the '980 patent.

65. Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitations of claim 1 of the '980 patent: "a data mining cluster that allows for user profiling and time, space and relevance analysis" and "a set of information channels, which are periodically updated, and upon which automatic suggestions are given based on a user profile" because it does not collect user data.

## COUNT 4
### (Declaratory Judgment of Invalidity of the '980 Patent)

66. The foregoing paragraphs are incorporated as if set forth herein.

67. By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether claim 1 of the '980 patent is valid.

68. Claim 1 of the '980 patent is invalid and void because it fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

69. Claim 1 of the '980 patent is invalid under 35 U.S.C. § 101 because it is directed to, in general terms, the patent-ineligible abstract idea of providing personalized user suggestions. Additionally, this claim contains no inventive concept. For example, it does not improve computer technology. Instead, claim 1 is directed to software running on a generic computer.

70.     Claim 1 of the '980 patent is further invalid under 35 U.S.C. §§ 102 and/or 103.  As a non-limiting example, this claim is anticipated or rendered obvious in view of U.S. Patent No. 7,194,235 and U.S. Patent Publication No. 2007/0196802.  This patent has a priority date of June 3, 2003 and this publication has a priority date of February 21, 2006.  Both of these priority dates are more than one year before the '980 patent's priority date of July 13, 2007.

71.     Claim 1 of the '980 patent is further invalid under 35 U.S.C. § 112.  As a non-limiting example, one skilled in the art would not understand the scope of this claim, with reasonable certainty, as the limitation "user-friendly" is indefinite.

72.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claim 1 of the '980 patent is invalid and void is necessary and appropriate under the circumstances.

## COUNT 5
### (Declaratory Judgment of Non-infringement of the '818 patent)

73.     The foregoing paragraphs are incorporated as if set forth herein.

74.     By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether Altice infringes claim 1 of the '818 patent.  A valid and justiciable controversy has arisen and exists between Altice and Defendant within the meaning of 28 U.S.C. § 2201.

75.     Specifically, Defendant has asserted that compressing video with H.264 for Altice One streaming services infringes claim 1 of the '818 patent.

76.     Altice does not infringe claim 1 of the '818 patent.

77.     Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitation of claim 1 of the '818 patent: "a compression dependent threshold estimator adapted to

estimate a compression dependent threshold for said pixel at least from said perception threshold and information from said encoder" because it does not perform the estimation as claimed.

## COUNT 6
### (Declaratory Judgment of Invalidity of the '818 Patent)

78.     The foregoing paragraphs are incorporated as if set forth herein.

79.     By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether claim 1 of the '818 patent is valid.

80.     Claim 1 of the '818 patent is invalid and void because it fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

81.     Claim 1 of the '818 patent is invalid under 35 U.S.C. § 101 because it is directed to, in general terms, the patent-ineligible abstract idea of encoding and compressing video data. Additionally, this claim contains no inventive concept.  For example, it does not improve computer technology.  Instead, claim 1 is directed to software running on a generic computer.

82.     Claim 1 of the '818 patent is further invalid under 35 U.S.C. §§ 102 and/or 103.  As a non-limiting example, this claim is anticipated or rendered obvious in view of the H.261 compression standard, which was first ratified in November 1988, and other compression standards that predate the H.264 compression standard.  The '818 patent has a priority date of December 27, 2000.

83.     Claim 1 of the '818 patent is further invalid under 35 U.S.C. § 112.  As a non-limiting example, one skilled in the art would not understand the scope of this claim, with

reasonable certainty, as the limitations "a visual perception estimator" and "a compression dependent threshold estimator" are indefinite.

84.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claim 1 of the '818 patent is invalid and void is necessary and appropriate under the circumstances.

**COUNT 7**
**(Declaratory Judgment of Non-infringement of the '568 patent)**

85.     The foregoing paragraphs are incorporated as if set forth herein.

86.     By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether Altice infringes claim 1 of the '568 patent.  A valid and justiciable controversy has arisen and exists between Altice and Defendant within the meaning of 28 U.S.C. § 2201.

87.     Specifically, Defendant has asserted that Optimum's system for adding apps such as Netflix infringes claim 1 of the '568 patent.

88.     Altice does not infringe claim 1 of the '568 patent.

89.     Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, any of the claim limitations of claim 1 of the '568 patent because users cannot add applications to their Optimum devices.

**COUNT 8**
**(Declaratory Judgment of Invalidity of the '568 Patent)**

90.     The foregoing paragraphs are incorporated as if set forth herein.

91.     By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether claim 1 of the '568 patent is valid.

92.     Claim 1 of the '568 patent is invalid and void because it fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

93.     Claim 1 of the '568 patent is invalid under 35 U.S.C. § 101 because it is directed to, in general terms, the patent-ineligible abstract idea of requesting and delivering information. Additionally, this claim contains no inventive concept.  For example, it does not improve computer technology.  Instead, claim 1 is directed to software running on a generic computer.

94.     Claim 1 of the '568 patent is further invalid under 35 U.S.C. §§ 102 and/or 103.  As a non-limiting example, this claim is anticipated or rendered obvious in view of U.S. Patent No. 5,974,406.  This patent has a priority date of August 18, 1997, which is more than a year before the July 27, 2000 priority date of the '568 patent.

95.     Claim 1 of the '568 patent is further invalid under 35 U.S.C. § 112.  As a non-limiting example, one skilled in the art would not understand the scope of this claim, with reasonable certainty, because the claim limitation "said accessing information provider" does not have antecedent basis.

96.     Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claim 1 of the '568 patent is invalid and void is necessary and appropriate under the circumstances.

## COUNT 9
### (Declaratory Judgment of Non-infringement of the '148 patent)

97.     The foregoing paragraphs are incorporated as if set forth herein.

98.     By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether Altice infringes claims 1, 4,

5, 10, 16, and 21 of the '148 patent.  A valid and justiciable controversy has arisen and exists between Altice and Defendant within the meaning of 28 U.S.C. § 2201.

99.     Specifically, Defendant has asserted that compressing video with H.264 for Altice One streaming services may infringe claims 1, 4, 5, 10, 16, and 21 of the '148 patent.

100.    Altice does not infringe claims 1, 4, 5, 10, 16, and 21 of the '148 patent.

101.    Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitation of claim 1 of the '148 patent: "a threshold generator to generate from said parameters, a plurality of visual perception threshold levels to be associated with the pixels of the at least one video frame" because Altice does not generate a plurality of threshold levels as claimed.  Claims 5, 10, and 16 have similar limitations and Altice does not infringe those claims for similar reasons.

102.    Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitation of claim 4 of the '148 patent: "determining which details in said image can be distinguished by the human eye and which ones can only be detected by it."  Claim 21 has a similar limitation and Altice does not infringe that claim for similar reasons.

### COUNT 10
### (Declaratory Judgment of Invalidity of the '148 Patent)

103.    The foregoing paragraphs are incorporated as if set forth herein.

104.    By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether claims 1, 4, 5, 10, 16, and 21 of the '148 patent are valid.

105.    Claims 1, 4, 5, 10, 16, and 21 of the '148 patent are invalid and void because they fail to comply with one or more of the conditions and requirements of the patent laws, including

without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

106.    Claims 1, 4, 5, 10, 16, and 21 of the '148 patent are invalid under 35 U.S.C. § 101, in general terms, because they are directed to the patent-ineligible abstract idea of generating data to describe a video frame.  Additionally, these claims contain no inventive concept.  For example, they do not improve computer technology.  Instead, claims 1, 4, 5, 10, 16, and 21 are directed to software running on a generic computer.

107.    Claims 1, 4, 5, 10, 16, and 21 of the '148 patent are further invalid under 35 U.S.C. §§ 102 and/or 103.  As a non-limiting example, these claims are anticipated or rendered obvious in view of the H.261 compression standard, which was first ratified in November 1988, and other compression standards that predate the H.264 compression standard.  The '148 patent has a priority date of March 14, 2000.

108.    Claims 1, 4, 5, 10, 16, and 21 of the '148 patent are further invalid under 35 U.S.C. § 112.  As a non-limiting example for claims 1, 5, and 10, one skilled in the art would not understand the scope of these claims, with reasonable certainty, as the limitations "a parameter generator," "a threshold generator," and "visual perception threshold levels" are indefinite.  As a non-limiting example for claims 1 and 4, one skilled in the art would not understand the scope of these claims, with reasonable certainty, as the limitations regarding what a "human eye" can distinguish or detect are indefinite.  As a non-limiting example for claim 16, one skilled in the art would not understand the scope of this claim, with reasonable certainty, as the limitations "means for generating," "visual perception threshold levels," and "visually distinguished" are indefinite. As a non-limiting example for claim 21, one skilled in the art would not understand the scope of

this claim, with reasonable certainty, as the limitations "distinguishable details" and "not identified as distinguishable" are indefinite.

109.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claims 1, 4, 5, 10, 16, and 21 of the '148 patent are invalid and void is necessary and appropriate under the circumstances.

## COUNT 11
### (Declaratory Judgment of Non-infringement of the '399 patent)

110.    The foregoing paragraphs are incorporated as if set forth herein.

111.    By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether Altice infringes claims 1, 19, and 28 of the '399 patent.  A valid and justiciable controversy has arisen and exists between Altice and Defendant within the meaning of 28 U.S.C. § 2201.

112.    Specifically, Defendant has asserted that the Altice One App for selecting and viewing previews and TV shows may infringe claims 1, 19, and 28 of the '399 patent.

113.    Altice does not infringe claims 1, 19, and 28 of the '399 patent.

114.    Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitations of claim 1 of the '399 patent: "dividing a received program into program segments," "summarizing and storing each program segment into a corresponding summary segment, wherein each summary segment includes audio, full-motion video, and at least one still picture," and "generating metadata files for delimiting a beginning and an end of summary segments and program segments" because Altice does not generate summary segments.

115.    Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, the claim limitations of claim 19 of the '399 patent because Altice does not generate summary segments.

116.    Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, the "means" limitations of claim 28 of the '399 patent because Altice does not generate summary segments

**COUNT 12**
**(Declaratory Judgment of Invalidity of the '399 Patent)**

117.    The foregoing paragraphs are incorporated as if set forth herein.

118.    By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether claims 1, 19, and 28 of the '399 patent are valid.

119.    Claims 1, 19, and 28 of the '399 patent are invalid and void because they fail to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

120.    Claims 1, 19, and 28 of the '399 patent are invalid under 35 U.S.C. § 101 because they are directed to, in general terms, the patent-ineligible abstract idea of providing previews of video or audio programming.   Additionally, these claims contain no inventive concept.   For example, they do not improve computer technology.   Instead, claims 1, 19, and 28 are directed to software running on a generic computer.

121.    Claims 1, 19, and 28 of the '399 patent are further invalid under 35 U.S.C. §§ 102 and/or 103.   As a non-limiting example, these claims are anticipated or rendered obvious in view

of U.S. Patent No. 6,961,954.  This patent has a priority date of October 27, 1997, which is more than one year before the priority date of May 24, 2000 of the '399 patent.

122.    Claims 1, 19, and 28 of the '399 patent are further invalid under 35 U.S.C. § 112. As a non-limiting example for claim 1, one skilled in the art would not understand the scope of this claim, with reasonable certainty, as the limitation "summarizing" is indefinite.  As a non-limiting example for claim 19, one skilled in the art would not understand the scope of this claim, with reasonable certainty, as the limitation "generating summary segments of parts of the program segments" is indefinite.  As a non-limiting example for claim 28, one skilled in the art would not understand the scope of this claim, with reasonable certainty, as the "means" limitations are indefinite.

123.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claims 1, 19, and 28 of the '399 patent are invalid and void is necessary and appropriate under the circumstances.

## COUNT 13
### (Declaratory Judgment of Non-infringement of the '328 patent)

124.    The foregoing paragraphs are incorporated as if set forth herein.

125.    By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether Altice infringes claims 1, 14, and 15 of the '328 patent.  A valid and justiciable controversy has arisen and exists between Altice and Defendant within the meaning of 28 U.S.C. § 2201.

126.    Specifically, Defendant has asserted that the Altice One App for selecting and viewing previews and TV shows may infringe claims 1, 14, and 15 of the '328 patent.

127.    Altice does not infringe claims 1, 14, and 15 of the '328 patent.

128.    Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitation of claim 1 of the '328 patent: "transmitting to a client device, by a computer-based device, information that facilitates a display of a link, wherein the link is selectable by a user to navigate between a summary segment of a first program and the first program." If a content provider provides a trailer for a program, then Altice will include it in its content listing along with the program.

129.    Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitation of claim 14 of the '328 patent: "transmitting to a client device information that facilitates a display of a link, wherein the link is selectable by a user to navigate between a summary segment of a first program and the first program." If a content provider provides a trailer for a program, then Altice will include it in its content listing along with the program.

130.    Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitation of claim 15 of the '328 patent: "transmitting to a client device information that facilitates a display of a link, wherein the link is selectable by a user to navigate between a summary segment of a first program and the first program." If a content provider provides a trailer for a program, then Altice will include it in its content listing along with the program.

**COUNT 14**
**(Declaratory Judgment of Invalidity of the '328 Patent)**

131.    The foregoing paragraphs are incorporated as if set forth herein.

132.    By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether claims 1, 14, and 15 of the '328 patent are valid.

133.    Claims 1, 14, and 15 of the '328 patent are invalid and void because they fail to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

134.    Claims 1, 14, and 15 of the '328 patent are invalid under 35 U.S.C. § 101 because they are directed to, in general terms, the patent-ineligible abstract idea of providing previews of video or audio programming.  Additionally, these claims contain no inventive concept.  For example, they do not improve computer technology.  Instead, claims 1, 14, and 15 are directed to software running on a generic computer.

135.    Claims 1, 14, and 15 of the '328 patent are further invalid under 35 U.S.C. §§ 102 and/or 103.  As a non-limiting example, these claims are anticipated or rendered obvious in view of U.S. Patent No. 6,961,954.  This patent has a priority date of October 27, 1997, which is more than one year before the priority date of May 24, 2000 of the '328 patent.

136.    Claims 1, 14, and 15 of the '328 patent are further invalid under 35 U.S.C. § 112. As a non-limiting example, one skilled in the art would not understand the scope of these claims, with reasonable certainty, as the limitation "the link is selectable by a user to navigate between a summary segment of a first program and the first program" is indefinite.

137.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claims 1, 14, and 15 of the '328 patent are invalid and void is necessary and appropriate under the circumstances.

## COUNT 15
### (Declaratory Judgment of Non-infringement of the '049 patent)

138.     The foregoing paragraphs are incorporated as if set forth herein.

139.     By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether Altice infringes claims 1, 17, and 18 of the '049 patent.  A valid and justiciable controversy has arisen and exists between Altice and Defendant within the meaning of 28 U.S.C. § 2201.

140.     Specifically, Defendant has asserted that the Altice One App for selecting and viewing previews and TV shows may infringe claims 1, 17, and 18 of the '049 patent.

141.     Altice does not infringe claims 1, 17, and 18 of the '049 patent.

142.     Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, any of the claim limitations of claims 1, 17, and 18 of the '049 patent.  These claims are directed towards "generating program summaries" and Altice does not generate programming summaries.

## COUNT 16
### (Declaratory Judgment of Invalidity of the '049 Patent)

143.     The foregoing paragraphs are incorporated as if set forth herein.

144.     By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether the claims 1, 17, and 18 of the '049 patent are valid.

145.     Claims 1, 17, and 18 of the '049 patent are invalid and void because they fail to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

146.    Claims 1, 17, and 18 of the '049 patent are invalid under 35 U.S.C. § 101 because they are directed to, in general terms, the patent-ineligible abstract idea of providing previews of video or audio programming.   Additionally, these claims contain no inventive concept.   For example, they do not improve computer technology.   Instead, claims 1, 17, and 18 are directed to software running on a generic computer.

147.    Claims 1, 17, and 18 of the '049 patent are further invalid under 35 U.S.C. §§ 102 and/or 103.   As a non-limiting example, these claims are anticipated or rendered obvious in view of U.S. Patent No. 6,961,954.   This patent has a priority date of October 27, 1997, which is more than one year before the priority date of May 24, 2000 of the '049 patent.

148.    Claims 1, 17, and 18 of the '049 patent are further invalid under 35 U.S.C. § 112. As a non-limiting example for claims 1 and 18, one skilled in the art would not understand the scope of this claim, with reasonable certainty, as the limitation "summarizing" is indefinite.   As a non-limiting example for claim 17, one skilled in the art would not understand the scope of this claim, with reasonable certainty, as the limitation "to summarize each program segment" is indefinite.

149.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claims 1, 17, and 18 of the '049 patent are invalid and void is necessary and appropriate under the circumstances.

### COUNT 17
**(Declaratory Judgment of Non-infringement of the '287 patent)**

150.    The foregoing paragraphs are incorporated as if set forth herein.

151.    By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether Altice infringes claims 1, 2,

4, 5, 7, 8, and 9 of the '287 patent.  A valid and justiciable controversy has arisen and exists between Altice and Defendant within the meaning of 28 U.S.C. § 2201.

152.    Specifically, Defendant has asserted that compressing video with H.264 for Altice One streaming services may infringe claims 1, 2, 4, 5, 7, 8, and 9 of the '287 patent.

153.    Altice does not infringe claims 1, 2, 4, 5, 7, 8, and 9 of the '287 patent.

154.    Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitation of claim 1 of the '287 patent: "wherein said step of determining is performed at a client in a client/server architecture."  This claim limitation requires a user device, not Altice, to perform this step.  Claims 4 and 8 also have client-related limitations that Altice cannot meet.

155.    Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitation of claim 2 of the '287 patent: "determining a maximum compression rate from said data items wherein recording said media signal compressed at said maximum compression rate does not result in an unacceptable loss of quality of said media signal" because Altice does not determine a maximum compression rate as claimed.  Claims 1, 4, 5, 7, 8, and 9 have similar limitations and Altice does not infringe those claims for similar reasons.

## COUNT 18
### (Declaratory Judgment of Invalidity of the '287 Patent)

156.    The foregoing paragraphs are incorporated as if set forth herein.

157.    By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether claims 1, 2, 4, 5, 7, 8, and 9 of the '287 patent are valid.

158.    Claims 1, 2, 4, 5, 7, 8, and 9 of the '287 patent are invalid and void because they fail to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

159.    Claims 1, 2, 4, 5, 7, 8, and 9 of the '287 patent are invalid under 35 U.S.C. § 101 because they are directed to, in general terms, the patent-ineligible abstract idea of choosing an optimal compression rate.  Additionally, these claims contain no inventive concept.  For example, they do not improve computer technology.  Instead, claims 1, 2, 4, 5, 7, 8, and 9 are directed to software running on a generic computer.

160.    Claims 1, 2, 4, 5, 7, 8, and 9 of the '287 patent are further invalid under 35 U.S.C. §§ 102 and/or 103.  As a non-limiting example, these claims are anticipated or rendered obvious in view of U.S. Patent No. 6,804,451 and International Publication No. WO1999/018734.  This patent has a priority date of August 6, 1997 and this publication has a priority date of October 1, 1997.  Both of these priority dates are more than one year before the '287 patent's priority date of November 29, 2000.

161.    Claims 1, 2, 4, 5, 7, 8, and 9 of the '287 patent are further invalid under 35 U.S.C. § 112.  As a non-limiting example, one skilled in the art would not understand the scope of this claim, with reasonable certainty, as the limitations "maximum compression rate" and "unacceptable loss of quality" are indefinite.

162.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claims 1, 2, 4, 5, 7, 8, and 9 of the '287 patent are invalid and void is necessary and appropriate under the circumstances.

## COUNT 19
### (Declaratory Judgment of Non-infringement of the '778 patent)

163.    The foregoing paragraphs are incorporated as if set forth herein.

164.    By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether Altice infringes claims 1, 16, and 21 of the '778 patent.  A valid and justiciable controversy has arisen and exists between Altice and Defendant within the meaning of 28 U.S.C. § 2201.

165.    Specifically, Defendant has asserted that Optimum Multi-Room DVR and Cloud DVR service may infringe claims 1, 16, and 21 of the '778 patent.

166.    Altice does not infringe claims 1, 16, and 21 of the '778 patent.

167.    Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitations of claim 1 of the '778 patent: "said second personalized video recorder receiving a programming instruction from said server computer to record said television show when broadcast by a television content provider, after said server computer locating said second personalized video recorder"; "said second personalized video recorder recording said television show during broadcast of said television show by said television content provider, after said second personalized video recorder receiving said programming instruction"; and "said first personalized video recorder receiving said television show recorded by said second personalized video recorder" because Altice's server computer makes all recordings.

168.    Without limiting the generality of the foregoing and by way of example only, Altice does not meet, either literally or under the doctrine of equivalents, at least the following claim limitations of claim 16 of the '778 patent: "each of said plurality of digital video recorders receiving a programming instruction from said server computer to record said television show

when broadcast by a television content provider, after said server computer locating said plurality of digital video recorders"; "at least one of said plurality of digital video recorders recording said television show during broadcast of said television show by said television content provider, after said each of said plurality of digital video recorders receiving said programming instruction"; and "said receiver device receiving said television show recorded by said at least one of said plurality of digital video recorders" because Altice's server computer makes all recordings.  Claim 21 depends from claim 16.  Accordingly, Altice does not meet, either literally or under the doctrine of equivalents, the limitation of claim 21.

## COUNT 20
### (Declaratory Judgment of Invalidity of the '778 Patent)

169.     The foregoing paragraphs are incorporated as if set forth herein.

170.     By virtue of Defendant's past litigation history and assertion letter to Altice, an actual controversy exists between Altice and Defendant as to whether claims 1, 16, and 21 of the '778 patent are valid.

171.     Claims 1, 16, and 21 of the '778 patent are invalid and void because they fail to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or the rules, regulations, laws, and decisions pertaining thereto.

172.     Claims 1, 16, and 21 of the '778 patent are invalid under 35 U.S.C. § 101 because they are directed to, in general terms, the patent-ineligible abstract idea of requesting, recording, and delivering a television show.  Additionally, these claims contain no inventive concept.  For example, they do not improve computer technology.  Instead, claims 1, 16, and 21 are directed to software running on a generic computer.

173.    Claims 1, 16, and 21 of the '778 patent are further invalid under 35 U.S.C. §§ 102 and/or 103.  As a non-limiting example, these claims are anticipated or rendered obvious in view of U.S. Patent No. 5,557,317.  This patent has a priority date of May 20, 1994, which is more than one year before the priority date of May 25, 2001 of the '778 patent.

174.    Claims 1, 16, and 21 of the '778 patent are further invalid under 35 U.S.C. § 112. As a non-limiting example, one skilled in the art would not understand the scope of these claims, with reasonable certainty, as they include both apparatus and method limitations, and are indefinite.

175.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to whether claims 1, 16, and 21 of the '778 patent are invalid and void is necessary and appropriate under the circumstances.

## PRAYER FOR RELIEF

176.    WHEREFORE, Altice requests entry of judgement in its favor against Defendant as follows.

a.    For a declaration that Altice does not infringe any valid and enforceable Asserted Claim of the Asserted Patents;

b.    For a declaration that the Asserted Claims of the Asserted Patents are invalid and void because each fails to comply with one or more of the conditions and requirements of the patent laws, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112;

c.    Finding the case exceptional and awarding Altice its attorneys' fees and costs pursuant to 35 U.S.C. § 285 & 28 U.S.C. § 1927, and this Court's inherent equitable powers; and

d.    For other such relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Altice hereby demands a trial by jury of all issues so triable in this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

OF COUNSEL:

Amr O. Aly
JENNER & BLOCK LLP
919 Third Avenue
New York, NY  10022
(212) 891-1600

Yusuf Esat
Lisa M. Schoedel
Mitchell L. Denti
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654-3456
(312) 222-9350

September 17, 2021

_____
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Plaintiffs*

35