IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALTICE USA, INC. and CSC HOLDINGS, LLC,  )
                                          )
                    Plaintiffs,           )
                                          )   C.A. No. 1:21-cv-1322 (MN)
         vs.                              )
                                          )   **REDACTED -**
DIGIMEDIA TECH, LLC,                      )   **PUBLIC VERSION**
                                          )
                    Defendant.            )
                                          )
_____       )

## PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

                                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                    Jack B. Blumenfeld (#1014)
                                    Jennifer Ying (#5550)
                                    1201 North Market Street
                                    P.O. Box 1347
                                    Wilmington, DE  19899-1347
                                    (302) 658-9200
                                    jblumenfeld@morrisnichols.com
                                    jying@morrisnichols.com

OF COUNSEL:

                                    *Attorneys for Plaintiffs*
Amr O. Aly
Laura E. Krawczyk
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY  10036-2711
(212) 891-1600

Yusuf Esat
Lisa M. Schoedel
Mitchell L. Denti
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654-3456
(312) 222-9350

Original Filing Date: February 8, 2022
Redacted Filing Date: February 15, 2022

# TABLE OF CONTENTS

I.      NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 1

II.     SUMMARY OF ARGUMENT ..................................................................................... 1

III.    FACTUAL BACKGROUND ........................................................................................ 2

      A.     DigiMedia Affirmatively Filed a Patent Infringement Action in Delaware
           Involving Several of the Same Patents ................................................................... 3

      B.     DigiMedia Acquired the Patents-in-Suit from a Delaware Corporation ................ 3

      C.     DigiMedia and its Affiliates Have Extensively Sought to Enforce its
           Patents in Delaware ............................................................................................... 3

      D.     DigiMedia Directed its Enforcement Activity at Delaware Corporations
           Through its Demand Letter Campaign .................................................................... 5

IV.    LEGAL STANDARDS ................................................................................................ 6

      A.     Personal Jurisdiction ............................................................................................. 6

           1.     Standard of Review .................................................................................... 6

           2.     Specific Personal Jurisdiction .................................................................... 6

      B.     Subject Matter Jurisdiction ................................................................................... 8

      C.     Venue .................................................................................................................... 8

V.     ARGUMENT ............................................................................................................... 9

      A.     This Court Has Specific Personal Jurisdiction Over DigiMedia ........................... 9

           1.     DigiMedia Transacted Business in Delaware Through its Litigation
                 Campaign in Delaware ............................................................................... 9

           2.     DigiMedia and its Affiliates Aimed its Enforcement Activities at
                 Delaware .................................................................................................. 12

           3.     DigiMedia Has Other Meaningful Connections to Delaware Based
                 on its Relationship with a Delaware Corporation ..................................... 13

           4.     The Court's Exercise of Personal Jurisdiction Satisfies the
                 Requirements of Due Process .................................................................. 13

B.    This Court Has Subject Matter Jurisdiction Over DigiMedia Because
      DigiMedia's Correspondence Creates a Real and Substantial Threat of
      Litigation..................................................................................................... 15

C.    Venue Is Proper in this District........................................................................ 19

VI.   CONCLUSION............................................................................................................. 19

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*ActiveVideo Networks, Inc. v. Trans Video Elecs., Ltd.*,
    975 F. Supp. 2d 1083 (N.D. Cal. 2013) ......................................................................... *passim*

*Association for Molecular Pathology v. United States PTO*,
    689 F.3d 1303 (Fed. Cir. 2013).................................................................................18

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
    552. F.3d 1324, 1334 (Fed. Cir. 2008)...............................................................7, 11

*Breckenridge Pharmaceutical v. Metabolite Laboratories, Inc.*,
    444 F.3d 1356 (Fed. Cir. 2006).................................................................................14

*Burger King Corp v. Rudzewicz*,
    471 U.S. 462 (1985)..................................................................................................14

*Cisco Systems v. Sprint*,
    No. 15-431-SLR, 2016 U.S. Dist. LEXIS 20240 (D. Del. Feb. 19, 2016) ..............................17

*Foster Wheeler Energy Corp. v. Metallgesellschaft AG*,
    1993 WL 669447 (D. Del. Jan. 4, 1993)...................................................................12

*Funai Electric Co., Ltd. v. Personalized Media Communications, LLC*,
    2016 WL 370708 (D. Del. 2016) ................................................................................7

*Gould v. Gould*,
    2011 WL 141168 (Del. Ch. Jan. 7, 2011) .......................................................7, 9, 10

*Hewlett-Packard Co. v. Acceleron LLC*,
    587 F. 3d 1358 (Fed. Cir. 2009)................................................................................16

*Kyocera Commc'ns, Inc. v. Potter Voice Tech., LLC*,
    2013 WL 2456032 (S.D. Cal. June 5, 2013).........................................................7, 10

*LaNuova D & B, S.p.A. v. Bowe Co., Inc.*,
    513 A.2d 764 (Del. 1986) ......................................................................................6, 7, 11

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007)..................................................................................8, 15, 16, 19

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
    518 F.3d 897 (Fed. Cir. 2008)...................................................................................18

*Microsoft Corp. v. Amphus, Inc.*,
    2013 WL 5899003 (Del. Ch. June 27, 2013)........................................................7, 10

*Pro Sports Inc. v. West*,
 639 F. Supp. 2d 475 (D.N.J. 2009) .........................................................8, 10, 14, 15

*T.C. Heartland LLC v. Kraft Foods Group Brands LLC*,
 137 S.Ct. 1514 (2017) ....................................................................................................11

*Traynor v. Liu*,
 495 F. Supp. 2d 444 (D. Del. 2007) .................................................................6, 8

*Trimble Inc. v. PerDiemCo LLC*,
 997 F.3d 1147 (Fed. Cir. 2021) ...........................................................................15

*Viam Corp. v. Iowa Export-Import Trading Co.*,
 84 F.3d 424 (Fed. Cir. 1996) ...............................................................................14

**Statutes**

10 Del. C. § 3104(c)(1) ........................................................................... *passim*

28 U.S.C. § 1391(b) .........................................................................2, 8, 9, 19

28 U.S.C. § 1391(c)(2) .....................................................................2, 9, 19

28 U.S.C. § 2201(a) .........................................................................................8

**Rules**

Fed. R. Civ. P. 12(b)(2) ..................................................................................6

**Other Authorities**

U.S. Const. amend. XIV, § 1 ................................................................. *passim*

Plaintiffs Altice USA, Inc. and CSC Holdings, LLC (together, "Altice") respectfully submit this Answering Brief in Opposition to Defendant DigiMedia Tech, LLC's ("DigiMedia") Motion to Dismiss for alleged lack of personal and subject matter jurisdiction and improper venue. D.I. 9, 10.

Altice is a Delaware corporation and its well-pleaded complaint establishes this Court's personal and subject matter jurisdiction. DigiMedia's affirmative prior assertion of patent infringement—seeking the Delaware Court's enforcement of the same patents challenged in this action—conclusively demonstrates "specific personal jurisdiction." DigiMedia's threatening correspondence to Altice, coupled with its aggressive litigation stance creates an "actual controversy" here that necessitates court resolution. Since the facts establishing jurisdiction are well-pleaded, DigiMedia's motion to dismiss should be denied.

## I.      NATURE AND STAGE OF THE PROCEEDINGS

On September 17, 2021, Altice filed a declaratory judgment action against DigiMedia seeking a declaration of non-infringement and invalidity of U.S. Patent Nos. 6,684,220 ("the '220 patent"), 8,160,980 ("the '980 patent"), 6,744,818 ("the '818 patent"), 6,807,568 ("the '568 patent"), RE42,148 ("the '148 patent"), 7,743,399 ("the '399 patent"), 9,055,328 ("the '328 patent"), 8,087,049 ("the '049 patent"), 6,606,287 ("the '287 patent"), and 7,065,778 ("the '778 patent") (collectively, "the patents-in-suit"). D.I. 1. DigiMedia filed its motion to dismiss on December 3, 2021 (D.I. 9, 10) and the Court entered a stipulated order extending Altice's time to respond to February 8, 2022. D.I. 15.

## II.     SUMMARY OF ARGUMENT

This Court has specific personal jurisdiction over DigiMedia under the Delaware Long Arm Statute because DigiMedia transacts business in Delaware. DigiMedia purposefully directed enforcement activities at Delaware by filing a patent infringement action in this Court, seeking

enforcement of the same patents at issue here.  DigiMedia's earlier patent infringement action in Delaware constitutes a business transaction for purposes of the Delaware Long Arm Statute as the current case arises from DigiMedia's prior enforcement action.  It would be fundamentally unfair to allow DigiMedia to enforce its patent rights in Delaware but preclude Altice from challenging these same patent rights in Delaware.  Furthermore, DigiMedia and its affiliated parent and sister LLCs have launched extensive enforcement activities aimed at Delaware and other district courts around the country.   DigiMedia has additional ties to Delaware as a Delaware company, Intellectual Ventures, assigned the patents at issue in this case to DigiMedia and Intellectual Ventures took a security interest in the patents.  The Court's exercise of personal jurisdiction over DigiMedia in this case is consistent with the Due Process Clause of the Fourteenth Amendment and is not an undue burden on DigiMedia, especially since DigiMedia previously filed a patent infringement case in this Court involving some of the same patents.

The Court also has subject matter jurisdiction over Altice's declaratory judgment action based on the demand letters DigiMedia sent to Altice, as well as DigiMedia's aggressive litigation and enforcement activities.

Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c).  As demonstrated both here and in Altice's Complaint, the United States District Court for the District of Delaware has personal jurisdiction over DigiMedia for this action and DigiMedia is deemed to reside in the District of Delaware under 28 U.S.C. § 1391(c)(2).  Therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

## III.    FACTUAL BACKGROUND

Altice's Complaint included detailed bases demonstrating that this Court has personal and subject matter jurisdiction over DigiMedia.  Altice's Complaint ("Complaint"), D.I. 1 at ¶¶ 26-47.

**A.      DigiMedia Affirmatively Filed a Patent Infringement Action in Delaware Involving Several of the Same Patents**

On February 18, 2021, DigiMedia filed a patent infringement action against Lenovo (United States) Inc. ("Lenovo") in this Court.  C.A. No. 21-227 (MN) (D. Del.) (the "Lenovo Action").  DigiMedia alleged Lenovo infringed eight patents.  Lenovo Action, D.I. 13 at ¶¶ 108-150.  Three of the patents in the Lenovo case—the '220, the '818, and the '287 patents—were identified by DigiMedia in its demand letter to Altice and are the subject of Altice's declaratory judgment counts in this case.  *Compare* Complaint, D.I. 1 at ¶ 1 & Exhibit A; *with*, Lenovo Action, D.I. 13 at ¶¶ 125-130, ¶¶ 119-124, and ¶¶ 141-145.

**B.      DigiMedia Acquired the Patents-in-Suit from a Delaware Corporation**

Two Delaware LLCs, Intellectual Ventures Assets 142 LLC and Intellectual Ventures Assets 145 LLC (together, "Intellectual Ventures"), assigned the patents-in-suit to DigiMedia. Complaint, D.I. 1 at ¶ 38 & Exhibits L-O.  Each of the Intellectual Ventures LLCs has an address in Wilmington, Delaware—251 Little Falls Drive, Wilmington, DE 19808.  Complaint, D.I. 1 at Exhibits P-Q.

On November 15, 2019, Intellectual Ventures assigned the portfolio, including the patents-in-suit, to DigiMedia over four separate conveyances.  Complaint, D.I. 1 at Exhibits L-O. Intellectual Ventures took a security interest in the patents (including the patents-in-suit) it assigned to DigiMedia.  *Id.* at Exhibits P-Q.

**C.      DigiMedia and its Affiliates Have Extensively Sought to Enforce its Patents in Delaware**

DigiMedia's patent licensing campaign is part of a broader, coordinated campaign driven

by its parent corporation, Brainbox Innovations, LLC ("Brainbox"). Exhibit 1.[1] Brainbox executes its patent enforcement campaign through DigiMedia and three other Brainbox subsidiaries—CDN Innovations LLC ("CDN"), CommWorks Solutions, LLC ("CommWorks"), and DataCloud Technologies, LLC ("DataCloud"). *Id.* DigiMedia's sister LLCs (CDN, CommWorks, and DataCloud) obtained assignments of patents from Intellectual Ventures (a Delaware LLC). Complaint, D.I. 1 at ¶¶ 41-44.

DigiMedia's sister LLC, DataCloud, has filed at least ten actions against accused infringers in the District of Delaware. *See* C.A. Nos. 21-1629 (D. Del.), 21-1020 (D. Del.), 21-837 (D. Del.), 21-170 (D. Del.), 21-164 (D. Del.), 21-155 (D. Del.), 21-1313 (D. Del.), 21-1314 (D. Del.), 21-763 (D. Del.), and 21-764 (D. Del.). At present, DataCloud continues to litigate two of these cases in this District. C.A. Nos. 21-1629 and 21-164.

CDN, another one of DigiMedia's sister LLCs, hired attorneys in the Delaware office of the Devlin Law Firm to represent it in its patent enforcement actions relating to the Brainbox portfolio. Attorneys at the Devlin firm sent a demand letter to Altice, a Delaware corporation, from the firm's Delaware address. Exhibit 2. Moreover, attorneys from the Devlin firm have represented CDN in at least twelve patent infringement cases, listing a Delaware address on court submissions. *See* C.A. Nos. 6-20-cv-00442 (WDTX), 6-20-cv-00443 (WDTX), 6-20-cv-00444 (WDTX), 6-20-cv-00445 (WDTX), 6-20-cv-00446 (WDTX), 6-20-cv-00447 (WDTX), 6-20-cv-00448 (WDTX), 4-20-cv-00653 (EDTX), 4-20-cv-00709 (EDTX), 6-20-cv-00959 (WDTX), 4-21-cv-00381 (EDTX), and 1-21-cv-02240 (NDGA).

---

[1] Exhibits 1-4 are attached to the Declaration of Mitchell L. Denti filed concurrently with this opposition. Exhibits A, L-O, P, and Q (designated as "Complaint, D.I. 1 at Exhibit _") were filed with Altice's Complaint.

### D.     DigiMedia Directed its Enforcement Activity at Delaware Corporations Through its Demand Letter Campaign

DigiMedia sent Altice, a Delaware corporation, two demand letters as well as two emails regarding enforcement of its patent portfolio.  Complaint, D.I. 1 at Exhibit A, Exhibit 3, Exhibit 4.  The April 21, 2021 letter states that DigiMedia is the purported owner by assignment of "an international patent portfolio covering various aspects of technologies related to the capture, processing, transmission and storage of digital imaging, video and graphics, ***with wide applications across multiple industries***."  Complaint, D.I. 1 at Exhibit A, p. 1 (emphasis added).  It also states that "***[a] number of these assets*** appear to be particularly relevant to and ***infringed by Altice***" and identifies "for example" the '220 patent, the '980 patent, '818 patent, and the '568 patent.  *Id.* at pp. 1-2 (emphasis added).  The letter lists six additional patents that "Altice may wish to have its patent counsel examine [] for potential infringement."  *Id.* at p. 2.  DigiMedia's letter also states "[a]s a result of Altice's apparent infringement of the above-identified patents, DigiMedia has suffered and will continue to suffer patent infringement damages.  *Id.*  DigiMedia hired IPInvestments Group to "manage the monetization" of its patent portfolio.  Exhibit 3.  On May 27, 2020, IPInvestments Group sent a letter to Altice regarding an offer to discuss licensing the DigiMedia patent portfolio "prior to any potential enforcement action being initiated."  *Id.*

DigiMedia contacted outside counsel for Altice again on August 24, 2021 inquiring if Altice "is ███████████████████████████████████████████"  Exhibit 4 at p. 2.  Less than a month later, DigiMedia contacted Altice, by email, stating that its "███████████████ ████████████████████████████████████████████████"  *Id.* at p. 1.  The email provides that "███████████████████████████████████████████████████████████████ ███████████████████████████████████" and lists nine cases (seven of which DigiMedia states

are resolved).  *Id.* at pp. 1-2.  The email ends with DigiMedia asking "████████████████

████████████████████████████████████████████?"  *Id.* at p. 2.

## IV.    LEGAL STANDARDS

### A.    Personal Jurisdiction

#### 1.    Standard of Review

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2),
a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve
all factual disputes in the plaintiff's favor.  *Traynor v. Liu*, 495 F. Supp. 2d 444, 448 (D. Del. 2007).
Once a jurisdictional defense has been raised, the plaintiff bears the burden of alleging facts which
establish with reasonable particularity that jurisdiction exists.  *Id.*

Personal jurisdiction exists if two requirements are satisfied.  *Traynor*, 495 F. Supp. 2d at
448; *LaNuova D & B, S.p.A. v. Bowe Co., Inc.*, 513 A.2d 764, 768 (Del. 1986).  First, there must be
a statutory basis for jurisdiction pursuant to Delaware's Long Arm Statute.  *Id.*  Second, the exercise
of jurisdiction over the defendant must comport with the Due Process Clause of the Fourteenth
Amendment.  *Id.*  Delaware's Long Arm Statute "has been broadly construed to confer jurisdiction
to the maximum extent possible under the Due Process Clause."  *LaNuovo,* 513 A.2d at 768.

#### 2.    Specific Personal Jurisdiction

In its Complaint, Altice asserts this Court has specific personal jurisdiction over DigiMedia
pursuant to Delaware's Long Arm Statute and the Due Process Clause of the Fourteenth
Amendment.[2]  *See, e.g.*, Complaint, D.I. 1 at ¶ 27.  Subsection (c)(1) of Delaware's Long Arm
Statute provides that specific personal jurisdiction is proper over any nonresident who, in person

---

[2] DigiMedia's Memorandum of Law in Support of its Motion to Dismiss discusses general
jurisdiction.  *See, e.g.*, D.I. 10 at 9-10 and 13.  Altice, however, did not allege that this Court has
general jurisdiction over DigiMedia.  Complaint, D.I. 1.

or through an agent, "[t]ransacts any business" in the State, so long as the claims in question "arise out of" that transaction of business.  10 Del. C. § 3104(c)(1); *Gould v. Gould*, 2011 WL 141168, at *8 (Del. Ch. Jan. 7, 2011).  Thus, "even a single transaction is sufficient if the claim has its origin in the asserted transaction."  *LaNuova*, 513 A.2d at 768.

Filing an action in Delaware constitutes a business transaction for the purposes of subsection (c)(1).  *Gould*, 2011 WL 141168, at *8; *see also Microsoft Corp. v. Amphus, Inc.*, 2013 WL 5899003, at *12 (Del. Ch. June 27, 2013).  The relevant analysis is whether the declaratory judgment action at issue "arises out of" an earlier patent enforcement action.  *Funai Electric Co., Ltd. v. Personalized Media Communications, LLC*, 2016 WL 370708, at *3 (D. Del. 2016).  A defendant's other patent enforcement activities, however, "need not be directed at the declaratory judgment plaintiff."  *ActiveVideo Networks, Inc. v. Trans Video Elecs., Ltd.*, 975 F. Supp. 2d 1083, 1097 (N.D. Cal. 2013); *see also Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1334 (Fed. Cir. 2008).

"Delaware courts have not addressed whether a declaratory judgment action regarding patent non-infringement, invalidity, and unenforceability 'arises out of' defendant's earlier patent enforcement actions."  *Funai Electric Co., Ltd.*, 2016 WL 370708, at *4.  Federal courts, however, have analyzed the "arises out of" requirement in the context of determining whether constitutional due process is satisfied because the test is the same—i.e., whether the litigation "arises from" the defendant's activities.  *Id.*  Therefore, federal decisions "can be illuminating."  *Funai Electric Co., Ltd.*, 2016 WL 370708, at *4.  Federal courts have found that, as here, a plaintiff's declaratory judgment action arises out of defendant's prior actions enforcing the same patents at issue.  *See Kyocera Commc'ns, Inc. v. Potter Voice Tech., LLC*, 2013 WL 2456032, at *3 (S.D. Cal. June 5,

7

2013); *Pro Sports Inc. v. West*, 639 F. Supp. 2d 475, 482 (D.N.J. 2009); *ActiveVideo*, 975 F. Supp. 2d at 1097.

### B. Subject Matter Jurisdiction

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). An actual controversy exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). This inquiry is fact specific and must be made in consideration of all the relevant circumstances. *Id.*

### C. Venue

In deciding a motion to dismiss for improper venue, the moving party has the burden of proving that venue is improper. *Traynor*, 495 F. Supp. 2d at 449. Furthermore, in ruling on a defendant's motion, "the plaintiff's choice of venue should not be lightly disturbed." *Id.* (quoting *Jumara v. State Farm Ins., Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).

Section 1391 of the United States Code provides that for a civil action brought in the United States district courts, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Furthermore, section 1391(c)(2) provides: "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, ***in any judicial district in which such defendant is subject to the court's personal jurisdiction*** with respect to the civil action in question . . . ."  28 U.S.C. § 1391(c)(2) (emphasis added).

## V.   ARGUMENT

### A.   This Court Has Specific Personal Jurisdiction Over DigiMedia

As an initial matter, DigiMedia's arguments regarding an alleged lack of general jurisdiction are irrelevant as Altice's Complaint does not allege DigiMedia is subject to general personal jurisdiction.  Complaint, D.I. 1; *see, e.g.*, D.I. 10 at 9.  Furthermore, the McLaughlin Declaration DigiMedia filed with its motion (D.I. 11) is also irrelevant as it is only cited in support of DigiMedia's allegations that it is not subject to general jurisdiction.  D.I. 10 at 9.  As such, the McLaughlin Declaration has no bearing on any issue in dispute and should not be afforded any weight.  As Altice demonstrated in its Complaint and below, DigiMedia is subject to specific personal jurisdiction in this case under the Delaware Long Arm Statute and this exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment.

#### 1.   DigiMedia Transacted Business in Delaware
#### Through its Litigation Campaign in Delaware

Delaware's Long Arm Statute provides that specific jurisdiction is proper over any nonresident who, in person or through an agent, "[t]ransacts any business" in the State, so long as the claims in question "arise out of" that transaction of business.  10 Del. C. § 3104(c)(1); *Gould*, 2011 WL 141168, at *8.  DigiMedia purposefully transacted business in Delaware by affirmatively filing a patent infringement action against Lenovo in this Court.  C.A. No. 21-227-MN (D. Del.).  Filing an action in Delaware constitutes a business transaction for the purposes of subsection

9

(c)(1).  *Gould*, 2011 WL 141168, at *8; *see also Microsoft Corp.*, 2013 WL 5899003, at *12 (filing of a patent infringement claim constituted an act of business under subsection (c)(1)).

Altice's declaratory judgment action here "arises out of" DigiMedia's earlier patent enforcement actions.  DigiMedia's earlier suit against Lenovo involves several of the same patents at issue in this case.  Complaint, D.I. 1 at ¶ 1; Lenovo Action, D.I. 13 at ¶¶ 125-130, ¶¶ 119-124, and ¶¶ 141-145.  Although it appears that Delaware courts have not addressed whether a declaratory judgment action regarding patent non-infringement and invalidity "arises out of" defendant's earlier patent enforcement actions, other federal courts have analyzed this issue in the context of constitutional due process.[3]  They have found that a plaintiff's declaratory judgment action arises out of defendant's prior actions enforcing the same patents at issue.  *See Kyocera*, 2013 WL 2456032, at *3 (finding personal jurisdiction over a non-resident defendant because plaintiff's declaratory judgment action arises out of or relates to defendant's activities in the forum enforcing the very same patent at issue); *Pro Sports*, 639 F. Supp. 2d at 482; *ActiveVideo*, 975 F. Supp. 2d at 1097 (finding that defendant's six earlier patent infringement actions involving the same and related patents gave rise to the later declaratory judgement action).  Altice's declaratory judgment action arises out of DigiMedia's prior enforcement actions against Lenovo since three of the same patents are at issue here.  The other seven patents in the Altice case deal with accused products that are similar to the products accused of infringing the overlapping patents.  For example, the products accused of infringing the overlapping patents pertain to Altice's streaming services and many of the accused products for the additional patents deal with streaming and the Altice One App.  *See, e.g.*, Complaint, D.I. 1 at Exhibit A.

---

[3] The test for determining whether constitutional due process is satisfied is the same—whether the litigation "arises from" the defendant's activities.  *Funai Electric Co., Ltd.*, 2016 WL 370708, at *4.

DigiMedia's argument that the filing of a single suit in this district fails to satisfy the requirements of personal jurisdiction is flawed. A "single transaction is sufficient if the claim has its origin in the asserted transaction." *LaNuova*, 513 A.2d at 768. DigiMedia's prior suit against Lenovo is a patent infringement action which involves several of the same patents asserted here. Both actions are related to DigiMedia's patent rights. Moreover, contrary to DigiMedia's assertions, it is not relevant to the jurisdictional analysis that Altice was not involved in DigiMedia's earlier lawsuit against Lenovo. *ActiveVideo Networks, Inc.*, 975 F. Supp. 2d at 1097 (a defendant's other patent enforcement activities "need not be directed at the declaratory judgment plaintiff"); *Avocent Huntsville Corp.*, 552 F.3d at 1334.

Furthermore, DigiMedia chose to sue Lenovo in this District and is purposely availing itself of the benefits of this Court. DigiMedia could have sued Lenovo in North Carolina[4] even after the Supreme Court's decision in *T.C. Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S.Ct. 1514 (2017). Courts have found personal jurisdiction over defendants who purposefully availed themselves of the court by filing and pursuing a related action in that same court. *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 429 (Fed. Cir. 1996) (personal jurisdiction existed where the patentee sued another infringer in the same forum on the same patent); *Pro Sports*, 639 F. Supp. 2d at 482 ("West has already initiated enforcement activities in the District of New Jersey. He cannot now, after availing himself of this forum's judicial mechanisms, cry foul when his adversary seeks relief in the same forum . . . .); *Kyocera*, 2013 WL 2456032, at *3.

DigiMedia has implicitly consented to the jurisdiction of this Court by previously filing its patent infringement action against Lenovo. Under Delaware law, a party can be considered to

---

[4] Lenovo's principal place of business is in Morrisville, North Carolina and it sells devices throughout the United States. *See* C.A. No. 5:19-cv-00427-BO, D.I. 76 at ¶¶ 10-11.

11

have consented to jurisdiction by "instituting another, related suit" that has some "logical relationship" to the present suit. *Foster Wheeler Energy Corp. v. Metallgesellschaft AG*, 1993 WL 669447, at *1, 4 (D. Del. Jan. 4, 1993). The lawsuit against Lenovo bears a logical relationship to this case because it involves the alleged infringement and validity of several of the same patents. Furthermore, the Lenovo suit is part of the same concerted licensing and enforcement effort that DigiMedia has launched against Altice. Complaint, D.I. 1 at Exhibit A.

### 2.     DigiMedia and its Affiliates Aimed its Enforcement Activities at Delaware

DigiMedia has further connections to Delaware because it is currently suing Delaware corporations for patent infringement and these cases involve some of the same patents at issue here. C.A. Nos. 6:21-cv-01341 (WDTX) and 21-227 (D. Del.). In *Kyocera*, the court found specific personal jurisdiction over the defendant in California (in a declaratory judgment action) based in part on the fact that defendant was suing California defendants for infringement of the patent at issue in the declaratory judgment case. *Kyocera*, 2013 WL 2456032, at *3. That same rationale applies here.

Furthermore, DigiMedia has additional connections to Delaware because its patent licensing campaign is part of a coordinated patent enforcement campaign driven by its parent corporation, Brainbox. *See* Section III(C), *supra*. DigiMedia's sister LLCs have deep connections to the Delaware courts and Delaware counsel. For example, DigiMedia's sister LLC, DataCloud, filed ten patent infringement cases in the District of Delaware. *Id.* DataCloud continues to litigate two of these cases and is purposefully availing itself of the resources of the Delaware District Court. *Id.*

DigiMedia and its sister LLCs are currently litigating a number of cases involving the Brainbox patent portfolio in various district courts across the country. C.A. Nos. 1:21-cv-02240

(NDGA), 6:21-cv-00366 (WDTX), 1:20-cv-07534 (SDNY), 6:21-cv-00662 (WDTX), 2:21-cv-00459 (EDTX), 21-1629 (D. Del.), 6:21-cv-01211 (WDTX), 6:21-cv-01341 (EDTX), 6:21-cv-01275 (WDTX), 4:21-cv-00381 (EDTX), 1:21-cv-01831 (SDNY), and 21-227 (D. Del.).  These enforcement activities and licensing negotiations relate to some of the same patents at issue in Altice's declaratory judgment case.  *Kyocera*, 2013 WL 2456032, at *3.

### 3.   DigiMedia Has Other Meaningful Connections to Delaware Based on its Relationship with a Delaware Corporation

DigiMedia has further connections to Delaware in addition to its affirmative enforcement activities in this District.  As discussed above, the assignor of the portfolio, Intellectual Ventures, has an address in Wilmington, Delaware and took a security interest in the patents-in-suit. Complaint, D.I. 1 at Exhibits P-Q; section III(B), *supra*.  DigiMedia has purposefully directed its enforcement activity at Delaware by entering into a secured assignment of rights with Intellectual Ventures, a Delaware LLC.  While DigiMedia attempts to focus on the location of the registration, its reliance on this information is misplaced.  What is relevant for purposes of the personal jurisdiction analysis is DigiMedia's relationship with Intellectual Ventures, which Altice believes is ongoing.  Complaint, D.I. 1 at ¶ 39.  This constitutes a meaningful connection to Delaware and this information demonstrates that DigiMedia is subject to the Court's personal jurisdiction.[5]

### 4.   The Court's Exercise of Personal Jurisdiction Satisfies the Requirements of Due Process

As demonstrated above, there is a basis for this Court to exercise specific personal jurisdiction over DigiMedia due to its deep connections to Delaware, including its transaction of business in this state.  This exercise of personal jurisdiction comports with the Due Process Clause

---

[5] This Court has specific personal jurisdiction over DigiMedia under at least § 3104(c)(1).

of the Fourteen Amendment and DigiMedia has failed to show that it would be unreasonable or unfair to require it to litigate in Delaware.

DigiMedia has the burden of proving it would be unreasonable or unfair for the Court to exercise personal jurisdiction. *Breckenridge Pharmaceutical v. Metabolite Laboratories, Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006). The defendant "must present a compelling case that the presence of some other considerations would render jurisdiction 'unreasonable' under the five factor test." *Id.* at 1363 (citing *Burger King Corp v. Rudzewicz*, 471 U.S. 462 (1985)). The factors include a) the burden on defendant, b) the interests of the forum state, c) the plaintiff's interest in obtaining relief, d) the interstate judicial interest in obtaining the most efficient resolution of controversies, and e) the interests of the states in furthering their social policies. *Viam*, 84 F.3d at 429; *Burger King*, 471 U.S. at 477.

DigiMedia, however, fails to provide a single reason as to why it would be unfair to require it to litigate in Delaware and instead attempts to rely on a single, conclusory sentence alleging plaintiff failed to show the elements of due process were satisfied. D.I. 10 at 17-18. In any event, it would not be an undue burden on DigiMedia to litigate this case in Delaware since it is currently litigating a case involving several of the same patents in this Court. Furthermore, since DigiMedia chose to file the Lenovo case it is currently litigating in Delaware, it cannot now complain it would be unreasonable to require it to litigate here. Courts have rejected defendant's arguments of unreasonableness where a defendant previously filed suit in the same jurisdiction regarding the same patent. *Viam*, 84 F.3d at 430; *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG* , 848 F.3d 1346, 1357 (Fed. Cir. 2017) (lack of significant burden on defendant evidenced by defendant's prior litigations in California itself and that defendant repeatedly availed itself of the California federal court system—at least seven times—by filing patent infringement lawsuits there); *Pro*

14

*Sports Inc.*, 639 F. Supp. 2d at 483 (defendant "should not expect the Court to find that jurisdiction is unreasonable here when he previously filed suit in New Jersey in 2006.").

Other factors demonstrate that personal jurisdiction over DigiMedia is fair and reasonable. For example, Altice has a high interest in maintaining the litigation in this district as it is a Delaware corporation and its business activities are being threatened by DigiMedia's enforcement actions. *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1158 (Fed. Cir. 2021); *Pro Sports Inc.*, 639 F. Supp. 2d at 483. Furthermore, Delaware's interest is not attenuated as this Court is currently presiding over a patent infringement case DigiMedia brought involving several of the same patents. *Pro Sports Inc.*, 639 F. Supp. 2d at 483. Moreover, since the two cases are already before this Court, the interests of judicial efficiency will be satisfied. *Id.* DigiMedia offers no reason as to why another jurisdiction would have a compelling interest to hear this case over Delaware. *Id.* Since the same federal patent law governs the non-infringement and invalidity claims, there is no conflict between the interests of Delaware and any other state. *Trimble*, 997 F.3d at 1159.

In summary, all these factors demonstrate that personal jurisdiction over DigiMedia in Delaware is reasonable and fair, and the final prong of the jurisdictional requirement is satisfied. As such, Altice respectfully submits that the Court has specific personal jurisdiction over DigiMedia under the Delaware Long Arm Statute that is consistent with the Due Process requirements of the Fourteenth Amendment.

**B.      This Court Has Subject Matter Jurisdiction Over DigiMedia Because DigiMedia's Correspondence Creates a Real and Substantial Threat of Litigation**

As pled in Altice's Complaint, the facts show the existence of a substantial controversy between Altice and DigiMedia "of sufficient immediacy" to warrant the issuance of a declaratory judgment. *MedImmune, Inc.*, 549 U.S. at 127. As set forth in detail above, DigiMedia contacted Altice a total of four times. *See* Section III(D), *supra*. DigiMedia sent Altice two letters, one in

May of 2020 and one in April of 2021.  *See* Exhibit 3 and Complaint, D.I. 1 at Exhibit A.  In these letters, DigiMedia alleges Altice has infringed its patents.  *Id.*  For example, in its April 21 letter, DigiMedia states "[a]s a result of ***Altice's apparent infringement*** of the above-identified patents, DigiMedia has suffered and will continue to suffer patent infringement damages.  Complaint, D.I. 1 at Exhibit A at p. 2 (emphasis added).  The letter also states that "***[a] number of these assets*** appear to be particularly relevant to and ***infringed by Altice***" and identifies "for example" the '220 patent, the '980 patent, '818 patent, and the '568 patent and the allegedly infringing products.  *Id.* at pp. 1-2.  The letter lists six additional patents that "Altice may wish to have its patent counsel examine [] for potential infringement."  *Id.* at p. 2.

DigiMedia also contacted Altice twice, by email.  Exhibit 4.  DigiMedia sent an email on August 24, 2021 to find out if Altice "███████████████████████████ ██████"  *Id.* at p. 2.  In September, less than a month later, DigiMedia contacted Altice stating that its "████████████████████████████████████████████████" *Id.* at p. 1.  The email stated DigiMedia litigated nine infringement suits, seven of which DigiMedia resolved.  *Id.* at pp. 1-2.

Contrary to DigiMedia's allegations, its letters and emails include threatening language and allege infringement by Altice.  With respect to DigiMedia's demand letter, an explicit threat to sue for infringement is not necessary.  *ActiveVideo Networks*, 975 F. Supp. 2d at 1091.  So long as "a party has actually been charged with infringement of the patent, there is, *necessarily*, a case or controversy adequate to support [declaratory judgment] jurisdiction."  *Hewlett-Packard Co. v. Acceleron LLC*, 587 F. 3d 1358, 1362 (Fed. Cir. 2009) (emphasis in original).  DigiMedia's communications contain multiple statements charging Altice with infringement.  For example, DigiMedia stated it has suffered infringement damages based on Altice's infringement of its

patents.  Complaint, D.I. 1 at Exhibit A at p. 2.  Its letter also specified a number of patents that it alleged to be particularly relevant to and infringed by Altice.  *Id.* at pp. 1-2.  In its May 27, 2020 letter DigiMedia stated that its purpose was to open a dialog for Altice to obtain a license before any potential enforcement action was initiated.  Exhibit 3.  In addition, as discussed above, DigiMedia's emails also contained threatening language.  The last email ended with "███████

████████████████████████████████████████████████████████"  Exhibit 4 at p. 2.

DigiMedia attempts to rely on *Cisco Systems v. Sprint Communications Co., L.P.* in alleging the content of its communications lacks specificity but that case is distinguishable.  2016 U.S. Dist. LEXIS 20240, at *6, 2016 WL 690939, at *3 (D. Del. Feb. 19, 2016).  In *Cisco*, the declaratory judgment defendant, Sprint, had sued various Cisco customers for infringement based on the customers' use of Cisco products.  *Id.* at *5, 2016 WL 690939, at *2.  Cisco filed two declaratory judgment actions against Sprint seeking declarations of invalidity and non-infringement.  *Id.* at *1-2, 2016 WL 690939, at *1.  Under Federal Circuit law, a supplier cannot bring a declaratory judgment action solely because their customers have been sued for direct infringement, and as such, the supplier is required to provide evidence that establishes a reasonable potential that such a claim can be brought.  *Id.* at *5-6, 2016 WL 690939, at *2.  In the portion of the case cited by DigiMedia, the court noted that the *Arris* court found that the patentee's extensive focus on Arris' (the supplier's) products in the infringement contentions supported the implicit assertion that the supplier indirectly infringed.  *Id.* at *6, 2016 WL 690939, at *2.  *Cisco* is not applicable here because Altice filed its declaratory judgment action based on DigiMedia's threatening communications sent directly to Altice that accused Altice of infringement.

The correspondence from DigiMedia spans from the Spring of 2020 to the Fall of 2021 and is clearly not limited to a single letter as DigiMedia alleges (D.I. 10 at 17).  In any event, the

Federal Circuit has never held that one letter is not enough. *ActiveVideo Networks*, 975 F. Supp. 2d at 1092. Rather, the Federal Circuit cases "indicate that it is the content of the letter that matters." *Id.* For instance, in *Association of Molecular Pathology*, the Federal Circuit determined that there was subject matter jurisdiction in a case that involved a single letter from the patent holder. *Association for Molecular Pathology v. United States PTO*, 689 F.3d 1303, 1308-9, 1320. In that case, the facts involved a single letter from the patentee demanding a royalty for a license and the alleged infringer's knowledge that the patentee initiated patent infringement suits against others. *Id.* at 1320. The Federal Circuit determined that there was subject matter jurisdiction based on these facts, both of which are present here. *Id.* at 1320-21. Furthermore, there is not a five-month delay as DigiMedia alleges as DigiMedia communicated with Altice in August and September of 2021, before Altice filed the Complaint in September of 2021.

Moreover, DigiMedia has filed a total of ten other lawsuits in which it has asserted patents from its portfolio. *See* C.A. Nos. 6-21-cv-01341 (WDTX), 1-21-cv-01831 (SDNY), 21-227 (D. Del.), 1-20-cv-04995 (NDGA), 1-20-cv-07573 (SDNY), 2-20-cv-05595 (CDCA), 2-20-cv-02640 (EDNY), 2-20-cv-07226 (DNJ), 5-20-cv-02549 (EDPA), and 7-20-cv-04140 (SDNY). Many of these cases involve some of the same patents at issue here. *See, e.g.*, C.A. Nos. 6-21-cv-01341 (WDTX), 1-21-cv-01831 (SDNY), 21-227 (D. Del.), and 1-20-cv-04995 (NDGA). DigiMedia's enforcement activities, on its own and in coordination with its sister LLCs, have targeted companies in the same industry or market as Altice. These include various operators of multiple cable or direct-broadcast satellite television systems (multiple-system operators or "MSOs"), such as Cox, Comcast, RCN, and Charter. *See, e.g.*, C.A. Nos. 21-2240 (NDGA), 6:21-cv-00366 (WDTX), 1:20-cv-07534 (SDNY), and 6:21-cv-00662 (WDTX); *Association for Molecular Pathology*, 689 F.3d at 1320; *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901 (Fed.

Cir. 2008).  Based on DigiMedia's enforcement activities, it is reasonable to conclude that Altice believed that DigiMedia would soon file suit against Altice.

The Court also has subject matter jurisdiction over the six patents since DigiMedia clearly identified these patents in its April 21, 2021 letter.  From its portfolio of 60 active patent assets, DigiMedia identified ten patents and never withdrew or changed its allegations of infringement and potential infringement.

All the facts and circumstances set forth above must be considered in light of *MedImmune*. 549 U.S. at 127.  DigiMedia's threatening demand letters and emails, its assertion of its patent rights against others, and its enforcement activities in coordination with its sister LLCs demonstrate there is a substantial controversy between the parties of sufficient immediacy and reality.

### C.      Venue Is Proper in this District

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c).  As demonstrated above and in Altice's Complaint, this Court has specific personal jurisdiction over DigiMedia and therefore, DigiMedia is deemed to reside in the District of Delaware under 28 U.S.C. § 1391(c)(2). Venue is proper in the judicial district in which the defendant resides and since DigiMedia is deemed to reside in the District of Delaware, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).  DigiMedia's objections based on an alleged lack of personal jurisdiction should be rejected as Altice has demonstrated that there is personal jurisdiction over DigiMedia.

## VI.      CONCLUSION

For the foregoing reasons, DigiMedia's Motion to Dismiss (D.I. 9 & 10) should be denied. In the alternative, if the Court is inclined to grant DigiMedia's motion to dismiss, Altice seeks the opportunity to conduct jurisdictional discovery regarding DigiMedia's connections with the state of Delaware.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Amr O. Aly
Laura E. Krawczyk
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY  10036-2711
(212) 891-1600

Yusuf Esat
Lisa M. Schoedel
Mitchell L. Denti
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654-3456
(312) 222-9350

February 8, 2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 8, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 8, 2022, upon the following in the manner indicated:

Stamatios Stamoulis, Esquire                                   *VIA ELECTRONIC MAIL*
Richard C. Weinblatt, Esquire
STAMOULIS & WEINBLATT, LLC
800 North West Street, Third Floor
Wilmington, DE  19801
*Attorneys for Defendant DigiMedia Tech, LLC*

Daniel A. Kent, Esquire                                        *VIA ELECTRONIC MAIL*
KENT & RISLEY LLC
5755 North Point Parkway, Suite 57
Alpharetta, GA  30022
*Attorneys for Defendant DigiMedia Tech, LLC*


                                              */s/ Jennifer Ying*
                                              _____
                                              Jennifer Ying (#5550)